NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM ERNESTO FLORES-RIVAS, AKA William Ernesto Chacon-Rivas, AKA Jose Alfredo Flores, AKA Luis Alberto Flores, AKA Jose Alfredo Flores-Chacon, AKA William Rivas, AKA William Ernesto Rivas,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 16-71018<br><br>Agency No. A205-710-744<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2022[**]
Pasadena, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and AMON,[***] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

William Ernesto Flores-Rivas, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (BIA) upholding the immigration judge's denial of his applications for withholding of removal and protection under the Convention Against Torture (CAT).  We deny the petition.

**1.**  Substantial evidence supports the agency's determination that Flores-Rivas is ineligible for withholding of removal.  To qualify for withholding, a petitioner must show a "clear probability" of persecution in the country of removal on account of his race, religion, nationality, membership in a particular social group, or political opinion.  8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 208.16(b); *Navas v. INS*, 217 F.3d 646, 655 (9th Cir. 2000).  While sexual orientation can be the basis for establishing a particular social group, *see Hernandez-Montiel v. INS*, 225 F.3d 1084, 1093–94 (9th Cir. 2000), Flores-Rivas failed to demonstrate a clear probability of persecution on this basis.  He provided no evidence to support a finding of past persecution on the basis of sexual orientation, and the BIA permissibly determined based on the "totality of the record"—including petitioner's testimony, the country conditions evidence, and his brief return to El Salvador—that Flores-Rivas did not establish a sufficient likelihood of future persecution.  *See Loho v. Mukasey*, 531 F.3d 1016, 1017–18 (9th Cir. 2008).

**2.**  Substantial evidence also supports the agency's determination that Flores-Rivas is not entitled to protection under CAT.  To be entitled to CAT

protection, Flores-Rivas must establish that, if returned to his home country, he is "more likely than not" to face torture by or with the government's acquiescence. 8 C.F.R. § 208.16(c)(2). While the country conditions evidence submitted by Flores-Rivas indicates that those who are gay or bisexual face discrimination in El Salvador, discrimination does not rise to the level of torture. *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005); *Fisher v. INS*, 79 F.3d 955, 962 (9th Cir. 1996) (en banc). Moreover, the country conditions evidence indicates that incidents of discrimination were investigated by state authorities. Flores-Rivas failed to demonstrate that he experienced past harm rising to the level of torture or that he faces a particularized risk of torture (as opposed to discrimination) in El Salvador. Nothing suggests that in denying relief the BIA failed to consider all relevant evidence, and the record evidence does not compel a conclusion contrary to that reached by the agency. *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**